UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                            No. 19-CR-651-LTS-6

THEOFRASTOS LYMBERATOS,

        Defendant.

-------------------------------------------------------x

### MEMORANDUM ORDER

Mr. Lymberatos has moved for a reduction in his sentence to 41 months pursuant to 18 U.S.C. section 3582(c)(2) and U.S.S.G. section 1B1.10. (Docket entry no. 1479 (the "Motion").) The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Lymberatos's motion is granted.

### BACKGROUND

On June 2, 2021, Mr. Lymberatos pled guilty to one count of conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. section 1349. Mr. Lymberatos participated in a transnational automatic teller machine (ATM) skimming organization (the "Skimming Organization") that unlawfully obtained debit card account information and fraudulently withdrew cash from victim account holders' bank accounts. Mr. Lymberatos participated in the Skimming Organization, over the course of two and a half years, by performing installations and removals of ATM skimming devices and "cash-outs" from debit card accounts that were fraudulently obtained through skimming.

Mr. Lymberatos's Sentencing Guidelines range was 57 to 63 months' imprisonment, based on an offense level of 24 and a criminal history category of I. He had zero criminal history points. On January 12, 2022, Mr. Lymberatos was sentenced principally to a

term of imprisonment of 47 months.  To fashion his below-Guidelines sentence, the Court considered the sentencing factors listed in 18 U.S.C. section 3553(a), "including the significance and magnitude of Mr. Lymberatos's bank fraud crime, the difficult circumstances that he experienced during his upbringing, his personal issues with gambling and alcohol, . . . his desire to be a provider and support for his broad family group[,] . . . the existence of orders of protection that suggest that he may not always be completely kind and supportive to those who are in the closest relationships with him[,] . . . [a]nd . . . his timely acceptance of responsibility."  (Docket entry no. 976 ("Sentencing Tr.") at 38:11-39:2.)

On October 17, 2023, Mr. Lymberatos moved for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(2) and U.S.S.G. section 1B1.10.  On November 21, 2023, Probation filed a Revised Final Presentence Report indicating that Mr. Lymberatos was eligible for a reduction in his sentence.  (Docket entry no. 1489 (the "Revised PSR").)  The Court subsequently appointed a CJA attorney to represent Mr. Lymberatos (docket entry no. 1490), the Government filed an opposition to Mr. Lymberatos's motion (docket entry no. 1494 ("Gov. Mem.")), and Mr. Lymberatos filed a supplemental motion in support of the original motion (docket entry no. 1514 ("Suppl. Mem.")).

DISCUSSION

Although a judgment of conviction is ordinarily final, a court may reduce a defendant's sentence pursuant to 18 U.S.C. section 3582(c)(2) if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been retroactively lowered by the Sentencing Commission.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).  To evaluate a motion to reduce a sentence pursuant to Section 3582(c)(2), the district court must first "determine the amended guideline range that would have

been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. section 1B1.1Q(b)(1)); see also Dillon v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, a court may reduce the term of imprisonment after considering the factors set forth in Section 3553(a) and the applicable policy statements issued by the Sentencing Commission in U.S.S.G. section 1B1.10.  United States v. Cirino, No. 3:17-CR-232-1-VDO, 2024 WL 1068337, at *2 (D. Conn. Mar. 12, 2024).  "[A] sentence may not be reduced under [Section 3583(c)] to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range. . . ." United States v. Young, 998 F.3d 43, 47 n.1 (2d Cir. 2021).

        Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. section 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.G. section 4C1.1.  It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors.  The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. section 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range.  Id. section 1B1.10(a)(2)(B).  The statement further requires a court to consider the factors set forth in 18 U.S.C. section 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the

extent of the reduction.  Id. section 1B1.10, Application Note l(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. section 1B1.10, Application Note 1(B)(iii).

Whether Mr. Lymberatos is Eligible for a Reduction in his Sentence

Mr. Lymberatos and the Probation Department argue, and the Government does not dispute, that Mr. Lymberatos is eligible for a reduction in his sentence pursuant to Amendment 821.  On January 12, 2022, Mr. Lymberatos was sentenced principally to a term of imprisonment of 47 months following his plea of guilty to one charge of conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. section 1349.  Mr. Lymberatos's Sentencing Guidelines range was 57 to 63 months' imprisonment, based on an offense level of 24 and a criminal history category of I.  At the time of his sentencing, Mr. Lymberatos had zero criminal history points, and his offense did not involve any aggravating factors listed in U.S.S.G. section 4C1.1(a)(2)-(10).  (Revised PSR at 2.)  Due to the retroactive application of Amendment 821, Mr. Lymberatos's amended offense level is now 22, his criminal history category is I, and his amended Guidelines range is 41 to 51 months.  (See id.)  Mr. Lymberatos, therefore, is eligible for a reduction in his sentence pursuant to Amendment 821.

Whether a Sentence Reduction is Warranted

The Court, having considered the factors set forth in both 18 U.S.C. section 3553(a) and U.S.S.G. section 1B1.10, Application Note l(B)(i)-(iii), concludes that the sentence reduction that Mr. Lymberatos seeks is warranted.  As his memorandum explains, Mr. Lymberatos has "continu[ed] the positive trajectory" that he demonstrated at the time of sentencing.  (Suppl. Mem. at 2.)  Mr. Lymberatos did "extremely well" in prison: he held several jobs, successfully completed a number of programs, and received no disciplinary infractions. (Id. at 2-3.)  Since his release to a halfway house, Mr. Lymberatos has secured employment at

the water meter company where he worked prior to his incarceration.  (Id. at 3.)  These impressive accomplishments, as well as the three letters of support from family members, indicate that the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in [his] term of imprisonment" are negligible and support a reduction in Mr. Lymberatos's sentence.

The Government's arguments to the contrary do not alter the Court's conclusion.  That is, the Court considered the substance of the Government's arguments—regarding the nature and circumstances of the offense conduct, the need for specific and general deterrence, the risk of unwarranted sentencing disparities, his past convictions related to domestic abuse, and the fact that Mr. Lymberatos pled guilty pursuant to a plea agreement—at Mr. Lymberatos's sentencing in January 2022.  While those considerations supported Mr. Lymberatos's original sentence, they fail to account for Mr. Lymberatos's post-sentencing conduct.

## CONCLUSION

For the foregoing reasons, Mr. Lymberatos's motion is granted.  This Memorandum Order resolves docket entries nos. 1479 and 1514.

SO ORDERED.

Dated: New York, New York
    June 7, 2024

_/s/ Laura Taylor Swain_____
Laura Taylor Swain
Chief United States District Judge