UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES

v.

THEOFRASTOS LYMBERATOS

Defendant.

1:19-CR-651-LTS-6

MEMORANDUM ORDER

Defendant Theofrastos Lymberatos has moved, pro se, for early termination of supervised release. (Docket entry no. 1622 ("Motion" or "Mot.").) The Government filed its Opposition (docket entry no. 1625 ("Opp.")), and Mr. Lymberatos submitted a Reply (docket entry no. 1626 ("Reply")). The Court has carefully reviewed the parties' submissions, and, for the reasons that follow, Mr. Lymberatos's Motion is granted.

## I. BACKGROUND

The Court assumes the parties' familiarity with the factual background of this case, which the Court previously set out in its Memorandum Order regarding Mr. Lymberatos's motion for a sentence reduction. (See docket entry no. 1531.) Mr. Lymberatos pled guilty in June 2021 to conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. section 1349, based on his involvement in a transnational, multi-year operation involving ATM skimming and money laundering. (Id. at 1.) On January 12, 2022, this Court sentenced Mr. Lymberatos to forty-seven months' imprisonment to be followed by three years of supervised release. (Id. at 1-2.) The Court subsequently reduced Mr. Lymberatos's term of imprisonment to forty-one months on Defendant's motion. (Docket entry no. 1532.) Mr. Lymberatos served approximately

five months of his sentence at a halfway house and then began his term of supervised release on June 11, 2024. (Mot. at 2; Opp. at 4.)

## II. Discussion

A court may terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.A. § 3583(e)(1)-(2) (Westlaw through P.L. 119-36); see also United States v. Johnson, 529 U.S. 53, 60 (2000). In determining whether to grant an application for termination or modification of supervised release, the reviewing court must consider certain sentencing factors set forth in 18 U.S.C. section 3553(a) ("Section 3553(a)"), including "deterrence, public safety, rehabilitation, proportionality, and consistency." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997); 18 U.S.C.A. § 3583(e); but see Esteras v. United States, 606 U.S. 185, 195 (2025) (holding that district courts "cannot consider [18 U.S.C.] § 3553(a)(2)(A) when revoking supervised release"). Among the factors the Court must consider is "any pertinent policy statement . . . issued by the Sentencing Commission." See 18 U.S.C. §§ 3553(a)(5)(A), 3583(e).

As pertinent here, the November 2025 edition of the United States Sentencing Guidelines included a policy statement regarding early termination. U.S.S.G. § 5D1.4 ("Section 5D1.4"). That policy statement advises courts to conduct an "individualized assessment of the need for ongoing supervision," Section 5D1.4(b), and identifies the following six factors that courts "may wish to consider" when assessing a motion for early termination of supervised release:

(i) any history of court-reported violations over the term of supervision;

> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

See id. cmt. n.1(B).

In support of his Motion, Mr. Lymberatos points to his two-year record of incident-free supervision, his continuous employment with Vepo Metering and recent promotion to Regional Manager, and his overall successful reintegration into society. (Mot. at 2-3.) Mr. Lymberatos argues that termination of his term of supervised release would allow him to focus more fully on his family responsibilities and would advance his career by enabling him "to travel for work, accept expanded responsibilities, and further solidify his positive trajectory." (Id. at 3.) In connection with the instant Motion, the Court has consulted with Mr. Lymberatos's Probation Officer in his district of supervision, the Eastern District of New York, who advised that Probation does not oppose early termination of supervised release. The Government opposes Mr. Lymberatos's request.

Having carefully considered the parties' arguments, the eight Section 3553(a) factors relevant to early termination, see 18 U.S.C. § 3583(e)(1), and Section 5D1.4 of the

Sentencing Guidelines, the Court finds that early termination is warranted here. In particular, the Court is persuaded that continued supervision of Mr. Lymberatos is no longer necessary to address the Section 3553(a) goals of deterrence, rehabilitation, and incapacitation. Mr. Lymberatos served out his significant custodial sentence and more than two years of supervised release without incident. This suggests a low risk of recidivism, such that any marginal deterrence benefit of an additional year of supervision would be minimal. See 18 U.S.C. § 3553(a)(2)(B). Mr. Lymberatos also secured full-time employment during his time at a halfway house and has maintained it throughout his term of supervised release, and he has even recently achieved a promotion to Regional Manager. This suggests that Mr. Lymberatos has little need to avail himself of any rehabilitative services that continued supervision might offer and that Probation's resources would be better spent supporting other supervisees. See 18 U.S.C. § 3553(a)(2)(D). When taken together, Mr. Lymberatos's successful track record and reintegration into society further suggest that there is relatively little need to "protect the public from further crimes of the defendant" through continued supervision. See 18 U.S.C. § 3553(a)(2)(C).

The six Section 5D1.4 factors also support early termination. Mr. Lymberatos has not been charged with any violations of his conditions, and he has substantially complied with all of his terms of supervised release. See Section 5D1.4 cmt. 1(B)(i), (iii). He has demonstrated an ability to lawfully self-manage and has engaged in appropriate prosocial activities by securing and maintaining lawful employment to support himself, and he seeks early termination of supervised release so that he can more easily maintain the positive trajectory he has established. Id. cmt. 1(B)(ii), (iv). According to his Probation officer, Mr. Lymberatos has been categorized as a low-risk supervisee since his term of supervised release commenced in 2024. Id. cmt. 1(B)(v). Finally, while the nature of Mr. Lymberatos's offense and his criminal history are

serious, he has worked industriously to reintegrate into the community and avoid recidivism, which persuades the Court that early termination is unlikely to jeopardize public safety. Id. cmt. 1(B)(vi).

The Government's Opposition does not persuade the Court otherwise. The Government primarily argues that the Section 3553(a) factors—particularly the nature and circumstances of the offense, the need for deterrence, and the need to protect the community—weigh against early termination of supervised release. (Opp. at 5.) The Court has considered these factors but, for the reasons explained above, finds that Mr. Lymberatos' likelihood of recidivism is low and further finds that the factors supporting early termination outweigh the need for continuing restrictions to address the nature and circumstances of the underlying crime. To be sure, the Government is correct that Mr. Lymberatos's crime was extremely serious. The Court is persuaded, however, that Mr. Lymberatos's proven record of rehabilitation and reintegration over the past few years better demonstrates his capacity to contribute positively without supervision than does his offense conduct, which occurred nearly a decade ago. Cf. United States v. Morgan, 820 F. Supp. 3d 203, 211-12 (E.D.N.Y. 2026).

The Government's other Section 3553(a) arguments fare no better. With respect to deterrence, the Court has already explained that further supervision would provide marginal specific deterrence benefits. The Court is also not persuaded that an additional year of supervision would serve the interests of general deterrence so meaningfully as to justify denial of Mr. Lymberatos' motion, particularly because he has already spent multiple years in custody and several years under supervision. Additionally, the Government argues that Mr. Lymberatos's history of domestic abuse counsels against early termination. While the Government is correct that the Court was concerned about this history during Mr. Lymberatos's sentencing, the

Government has identified nothing in Mr. Lymberatos's post-release record that suggests that his current behavior is "not conducive to the health and safety" of his family. (Contra Opp. at 6.) Bolstering the Court's conclusion is the fact that the Probation office, which has been supervising Mr. Lymberatos for nearly two years without incident, has no objection to early termination.

Beyond its Section 3553(a) arguments, the Government argues that Mr. Lymberatos failed to identify "new or unforeseen circumstances" that would justify modification of Mr. Lymberatos's sentence. (Id. at 6 (quoting Lussier, 104 F.3d at 36).) It is true that this Court and others within this District commonly exercise their discretion to terminate supervised release upon a showing of changed circumstances, but "new or changed circumstances . . . are not a prerequisite" to modification of a term of supervised release. United States v. Parisi, 821 F.3d 343, 347-48 (2d Cir. 2016). Indeed, many of the factors enumerated in Section 5D1.4—such as a lack of court-reported violations, substantial compliance with conditions of supervision, and a low-risk designation—are quotidian rather than novel, yet the Sentencing Commission encourages courts to consider them when deciding whether to terminate supervised release. See Section 5D1.4 cmt. 1(B). The Government fails to engage with these factors altogether in its Opposition. Thus, the Court is satisfied that early termination is appropriate here, irrespective of whether Mr. Lymberatos's years-long track record of successful supervision and his career advancement are "expected" rather than "unforeseen." (See Opp. at 6).[1]

[1] The Government also argues that Mr. Lymberatos cannot sufficiently justify early termination by claiming that it "will improve his 'ability to advance' at work." (Opp. at 6 (quoting Mot. at 3.)) However, the Court need not determine whether Mr. Lymberatos's career advancement potential alone would sufficiently justify early termination, as multiple other relevant factors support early termination, as explained above.

In sum, after conducting an individual assessment of Mr. Lymberatos's need for continued supervision based on the pertinent factors in Section 3553(a) and Section 5D1.4, the Court finds that early termination of supervised release is "warranted by the conduct of the defendant released and the interest of justice." See 18 U.S.C. § 3583(e)(1); see also Section 5D1.4(b).

## III. CONCLUSION

For the foregoing reasons, Mr. Lymberatos's Motion for early termination of supervised release is granted, effective immediately. This Order resolves docket entry no. 1622. The Clerk of Court is respectfully directed to mail the Defendant a copy of this Order at the address listed below.

SO ORDERED.

Dated: New York, New York
August 6, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Mail to:**

Theofrastos Lymberatos

46-34 202nd Street

Bayside, NY 11361